NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRACY JENSON,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5126

---

Appeal from the United States Court of Federal Claims in No. 12-CV-313.

---

Decided: February 7, 2013

---

TRACY JENSON, of Spirit Lake, Idaho, pro se.

MICHELLE R. MILBERG, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director.

---

PER CURIAM.

Tracy Jenson appeals from an order of the U.S. Court of Federal Claims dismissing his complaint because he failed to obtain leave of court to file. For the reasons set forth below, we *affirm*.

Mr. Jenson was a Federal Aviation Administration (FAA) air traffic controller. He has filed numerous actions in multiple Federal and administrative venues based on his allegation that the FAA committed a prohibited personnel practice against him by failing to provide him with a pay increase when he transferred to a higher level airport facility. Mr. Jenson alleged that the FAA delayed moving him to the new facility, thus delaying his pay increase, and improperly failed to give him a retroactive pay raise.

In addition to Mr. Jenson's various suits relating to his lost pay claim, he has also filed several complaints alleging misconduct by a Court of Federal Claims judge and has sent correspondence and made phone calls to court staff and to judges at home and in chambers. In light of Mr. Jenson's numerous suits and other actions, the Court of Federal Claims issued an order enjoining him from filing any further claims or correspondence in the court without first obtaining leave of the court to do so. The order directed Mr. Jenson to seek leave by certifying and explaining how any new complaint raises "new matters properly before" the court.

Notwithstanding the court's order, Mr. Jenson subsequently filed another complaint in the Court of Federal Claims based on his allegations of lost pay. Mr. Jenson did not obtain leave of court prior to filing. The court accordingly dismissed Mr. Jenson's complaint, noting that the Clerk of Court had erroneously accepted the filing despite Mr. Jenson's failure to obtain the required leave to file. Mr. Jenson now appeals from the dismissal.

We have jurisdiction under 28 U.S.C. § 1295(a)(3). We review a decision by the Court of Federal Claims dismissing a complaint for failure to obtain leave to file for abuse of discretion.

Mr. Jenson's act of filing the complaint at issue in this appeal without first obtaining leave to do so violates the court's order. On appeal, however, Mr. Jenson does not challenge the propriety of the trial court's order, nor does he argue that he complied with the order by seeking leave of court prior to filing his complaint. As a result, we hold that the Court of Federal Claims did not abuse its discretion by dismissing Mr. Jenson's complaint based on his failure to abide by the court's order.

Even if Mr. Jenson's complaint could be construed as including a request for leave of court to file, the trial court's dismissal would still be proper because Mr. Jenson failed to show that he raised any "new matters properly before" the court. On appeal, Mr. Jenson makes largely the same arguments as in his prior cases regarding the merits of his lost pay claim. He contends, for example, that the FAA's fourteen-month delay in moving him to a higher level airport facility caused him to receive less pay during that time. He also argues that, had this delay not occurred, he would have transferred to the new airport facility before a new pay system took effect and would thus have received a greater pay raise. Mr. Jenson's arguments show that his complaint is clearly related to the subject matter of his prior actions and thus he has not established that he raised any "new matters properly before" the court that would warrant granting him leave to file his complaint.

We have considered Mr. Jenson's arguments on appeal and find them to be without merit. We affirm the decision by the Court of Federal Claims dismissing his complaint in this matter.

**AFFIRMED**